# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**SUSAN DAVENPORT, et al.**                                              **PLAINTIFFS**

**VS.**                              **NO. 4:19CV00552 JM**

**CITY OF LITTLE ROCK, et al.**                                          **DEFENDANTS**

## ORDER

Pending is Separate Defendant Matthew Thomas's motion for judgment on the pleadings on Count III of Plaintiffs' Complaint. (Docket # 22).  Plaintiffs have filed a response.  The motion is DENIED.

In Count III of Plaintiffs' Complaint, Plaintiff Lloyd St. Clair alleges that Separate Defendant Matthew Thomas used excessive force against him when Officer Thomas shot him on September 1, 2016 during the execution of a search warrant.  On May 11, 2017 in the Circuit Court of Pulaski County, Arkansas, Fourth Division, Case No. CR-2016-3758, Plaintiff Lloyd St. Clair entered a plea of guilty to the charge of aggravated assault admitting that on September 1, 2016 he pointed a firearm at Officer Matt Thomas.

Officer Thomas argues that Count III of the Complaint should be dismissed against him for two reasons. First, Plaintiff's guilty plea to aggravated assault prevents him from asserting a Fourth Amendment excessive force claim pursuant to the decision in *Heck v. Humphrey,* 512 U.S. 477 (1994). Second, Plaintiff's admission in open court that he pointed a gun at Officer Thomas prior to being shot establishes that Separate Defendant's use of deadly force was objectively reasonable thereby entitling him to qualified immunity.

Standard for the Motion for Judgment on the Pleadings Rule 12(c)

"Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999). Although the Court must ignore most materials outside the pleadings, it may consider "materials that are 'necessarily embraced by the pleadings.' " *Id.* (quoting *Piper Jaffray Cos. v. National Union Fire Ins. Co.,* 967 F.Supp. 1148, 1152 (D.Minn.1997)). *See also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (1990) (court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint"). In evaluating the motion, the Court accepts all facts pled by the nonmoving party as true and draws all reasonable inferences from the facts in favor of the nonmovant. *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir.1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir.1996)).

## Discussion

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court said:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487. A finding that Thomas used excessive force when he shot Lloyd during the execution of the search warrant would not necessarily imply the invalidity of Lloyd's conviction for aggravated assault. S*ee Colbert v. Monticello*, 775 F.3d 1006, 1008 (8th Cir. 2014) (holding

that there is no inherent conflict between finding that police officers used excessive force in effectuating an arrest, and a conviction for resisting arrest and harassment of police officer; state court's determination that individual resisted lawful arrest may coexist with finding that officers used excessive force to subdue him). "To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances." *Z.J. ex rel. Jones v. Kan. City Bd. of Police Comm'rs*, 931 F.3d 672, 681 (8th Cir. 2019)(citations omitted).  The use of deadly force is not justified where the suspect poses no immediate threat to the officer and no threat to others.  *Nance v. Sammis*, 586 F.3d 604, 611(8th Cir. 2009). "The requirement that the threat be reasonably perceived as 'immediate' means that if the threat has passed, so too has the justification for the use of deadly force. *Cole Estate of Richards v. Hutchins,* 959 F.3d 1127, 1132 (8th Cir. 2020) citing, *Rahn v. Hawkins*, 73 F. App'x 898, 901 (8th Cir. 2003) (per curiam). Because a finding of excessive force can coexist with Lloyd's conviction of aggravated assault, Lloyd's excessive force claim is not barred by Heck.

Further, the fact that Lloyd was convicted of aggravated assault for actions he took during the event does not preclude the possibility that the officer's use of force was excessive at the time of the shooting.  *See, Cole Estate of Richards v. Hutchins,* 959 F.3d 1127 (8th Cir. 2020)(affirming the denial of qualified immunity where the suspect was pointing the gun either toward the ground or the sky, had retreated and turned away from the door).

Accordingly, the motion for judgment on the pleadings is denied.  Plaintiffs are directed to file an amended complaint to correct the inaccurate factual allegations contained in the original complaint.

IT IS SO ORDERED this 23rd day of June, 2020.

                                                                _____
                                                                James M. Moody Jr.
                                                               United States District Judge